# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) Civil Action No. |
| Plaintiff, | ) ) ) |
| v. | ) ) COMPLAINT AND |
| U.S. INVESTIGATIONS SERVICES, INC., | ) JURY TRIAL DEMAND ) ) |
| Defendant. | ) Electronic Filing |

## NATURE OF ACTION

The United States Equal Employment Opportunity Commission (the "Commission"), brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Angel Butterbaugh, Cindy Douglas, Kristina Starr, and a class of similarly situated female employees who were adversely affected by such unlawful employment practices while employed by Defendant, U.S. Investigations Services, Inc., ("USIS"). As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Angel Butterbaugh, Cindy Douglas, Kristina Starr and a class of similarly situated female employees, were sexually harassed by a government employee who worked at the USIS facility in Altoona, Pennsylvania.

The Commission also alleges that Angel Butterbaugh, Cindy Douglas, and Kristina Starr were terminated in retaliation for their complaints about the unlawful harassment. As a result of USIS's discriminatory conduct, Angel Butterbaugh, Cindy Douglas, and Kristina Starr have suffered damages, including emotional distress and lost wages.

-1-

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Defendant, U.S. Investigations Services, Inc., ("USIS"), has continuously been doing business in the Commonwealth of Pennsylvania and the City of Altoona, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Angel Butterbaugh, Cindy Douglas, and Kristina Starr filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have

been fulfilled.

7. Since at least September 2002, Defendant Employer has engaged in unlawful employment practices at its Lancaster, Pennsylvania location in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Angel Butterbaugh, Cindy Douglas, Kristina Starr, and a class of similarly situated female employees, to a sexually hostile work environment. The unlawful employment practices include, but are not limited to, the following:

(a) USIS is a former government entity that became a private employee-owned corporation on July 7, 1996 because of the privatization of certain functions of the US Office of Personnel Management's (OPM) Office of Federal Investigations.

(b) As part of its government contract with the Department of Homeland Security, USIS currently has government contracts to provide administrative employees, including Angel Butterbaugh, Cindy Douglas and Kristina Starr, for work at the Altoona, Pennsylvania site of the National Firearms Unit (NFU), now known as the National Firearms and Tactical Training Unit (NFTTU). Government employees at the NFTTU help train, oversee, and offer evaluations on the daily work and duties of USIS employees.

(c) Training Specialist Armorer Robert Masters, a federal employee who worked at the Altoona, Pennsylvania site, subjected Angel Butterbaugh, Cindy Douglas, Kristina Starr, and a class of similarly-situated female employees of USIS to a hostile work environment by repeatedly subjecting them to unwanted physical and verbal sexual harassment.

(d) Other male individuals at the worksite also subjected female employees to unwanted sexual harassment. For example, Ronald Beegle told Cindy Douglas in August 2003 that he thought she was going to give him a "lap dance." In January 2005, Angel Butterbaugh observed Beegle

comment to a government employee who was returning a digital camera "Ah, watching dirty movies again."

(e) Defendant Employer knew or should have known about the unlawful sexual harassment, but failed to take appropriate remedial action to stop the sexual harassment.

(f) Angel Butterbaugh began working as a contract employee in 1995 and was employed at the Altoona site. Defendant Employer USIS became a contractor at the facility in about 2001. Angel Butterbaugh worked for Defendant Employer as a Parts Specialist from September 2002 until March 7, 2005.

(g) From about July 1997 through 2005, Robert Masters subjected Ms. Butterbaugh to egregious sexual harassment, including making sexually offensive and crude remarks, rubbing her shoulders, touching her breasts, rubbing up against her, and touching her private areas. The harassment included but is not limited to: in 1998, Masters threatened that if Ms. Butterbaugh did not raise her skirt and flash her underwear at two male government workers, he would go to her first line supervisor and tell him that she was not busy and needed more work. He did this on two occasions.

(h) In September 2002, Masters exposed his erect penis to Angel Butterbaugh and Cindy Douglas.

(i) In February 2004, Masters asked Ms. Butterbaugh if her boyfriend was satisfying her needs.

(j) In April 2004, Defendant Employer moved Ms. Butterbaugh's work area to shipping and receiving in the armory. Thereafter, Masters continued the harassment. For example, in November 2004, he grabbed Butterbaugh's buttocks and crotch. In January 2005, he called

Butterbaugh and asked if she had used any sex toys lately.

(k) Cindy Douglas was hired in June 2002 as an Administrative Specialist in the armory area. Immediately after her hire, Ms. Douglas began to be subjected to sexual harassment by Robert Masters. Initially, he made inappropriate gestures, such as sticking his tongue between two fingers in a reference to oral sex. He also asked about her sex life. In September 2002, Masters exposed himself from behind his armory smock. He also grabbed her breasts from behind. Ms. Douglas repeatedly told Masters to stop the sexually offensive comments and conduct, but it continued.

(l) In February 2003, Masters came to the area where Ms. Douglas, Kristina Starr and another female employee, Mary Ann Kiel, worked, and exposed his erect penis.

(m) In 1998, Kristina Starr began working as a contract employee at the Altoona site. She then transferred to an administrative support position in 1999, and thereafter to a shipping and receiving position. She was hired by Defendant Employer in 2002, in the shipping and receiving department. She later worked as an administrative assistant.

(n) In July of 2000, Masters began to sexually harass Ms. Starr. For example, he approached her from behind, rubbing her breasts while pressing his penis against her buttocks. Masters improperly assaulted Starr in this manner on more than one occasion.

(o) Masters also made offensive sexual comments to Starr, such as suggesting that he stop at her house on the way home for a "quickie", and telling her that he had not had sex with his wife for three months.

(p) In February 2004, Masters exposed his erect penis to Ms. Starr at her work cubicle. She turned her head away, said "Oh, my God", and told Masters to get away from her. On this occasion, Masters then proceeded to the back of the room and exposed himself to Cindy Douglas. The next

month, in March 2004, Masters placed his hands on Starr's breasts while she stocked the soda machine, to which she responded, "stop it." Cindy Douglas was in the room and attempted to get stop Masters from bothering Starr. Masters responded, "Ooh, a sex sandwich."

(q) On another occasion, Masters suggested that he, Douglas, Starr and another female employee, Mary Ann Kiel, go into Kiel's Chevy Suburban and have an "orgy." The female employees rejected his suggestion immediately.

(r) In October 2004, even after Angel Butterbaugh, Cindy Douglas, and Kristina Starr had complained about the sexual harassment, Masters again exposed himself at Ms. Starr's work cubicle.

(s) Although the female employees complained of the harassment to Defendant Employer, no effective remedial action was ever taken.

8. Since at least March 2004, Defendant Employer has engaged in unlawful employment practices at its Altoona, Pennsylvania facility in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-2(a)(1), by discriminating against Angel Butterbaugh, Cindy Douglas and Kristina Starr. The unlawful employment practices include, but are not limited to, the following:

(a) In March of 2004, Kristina Starr was approached by Site Manager, Julie Leutenegger, who asked if she would speak with her in private. Leutenegger advised Starr that she had heard that Masters was making sexual comments and was inappropriately touching the females at the facility. Ms. Starr verified that Masters was sexually harassing herself, Cindy Douglas, Mary Ann Kiel and Angel Butterbaugh and that they had repeatedly told him to stop.

(b) Leutenegger advised that she would speak with Masters, and "get it taken care of." Her assurances were mere empty promises. The unrelenting harassment continued and no remedial action was ever taken.

(c) After she complained about the harassment, Kristina Starr was subjected to unwarranted scrutiny of her job performance and unfair work assignments in retaliation for her complaint about the unlawful sexual harassment by Masters.

(d) Defendant Employer terminated Kristina Starr on November 4, 2004, for theft of time because she was reading an obituary in the newspaper at her desk. Other individuals at the work site often read the newspaper, but were not subjected to disciplinary action or terminated. Ms Starr was terminated in retaliation for her complaint about Master's unlawful harassment.

(e) In January 2005, a government employee also alerted Defendant Employer to the unlawful harassment. Defendant Employer then purported to undertake an investigation, conducted by high ranking officials of USIS, including David Venturella, USIS Vice President and Arthur Abrams, USIS Account Manager.

(f) Upon information and belief, a high ranking official of USIS called Abrams and told him of the need to eliminate his "problem children", referring to Butterbaugh and Douglas.

(g) Butterbaugh and Douglas filed a police report regarding Master's unwelcome and offensive behavior.

(h) On March 7, 2005, Defendant Employer terminated Angel Butterbaugh and Cindy Douglas, purportedly because it learned from police department reports that Butterbaugh and Douglas had prior contacts with Masters which had occurred prior to the unwelcome sexual harassment and which they allegedly did not disclose when interviewed by Defendant Employer's officials in January 2005.

(i) Butterbaugh and Douglas cooperated in Defendant Employer's investigation and answered the questions posed to them to the best of their ability and recollection. Instead of ensuring

that Butterbaugh, Douglas and Starr were not subjected to unlawful sexual harassment, Defendant Employer unlawfully terminated them in retaliation for their complaints about the unwelcome harassment.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Angel Butterbaugh, Cindy Douglas, Kristina Starr, and a class of similarly situated female employees of equal employment opportunities and otherwise affect adversely their status as employees because of their sex.

10. The effect of the practices complained of in paragraph 8 above has been to deprive Angel Butterbaugh, Cindy Douglas, and Kristina Starr of equal employment opportunities and otherwise affect their status as employees because they engaged in protected activity under Title VII.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Angel Butterbaugh, Cindy Douglas, Kristina Starr, and a class of similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, from retaliating against employees by terminating their employment, and any other employment practice which discriminates on the bases of sex and/or retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Angel Butterbaugh, Cindy Douglas, and Kristina Starr by providing appropriate back pay with prejudgment interest, in amounts to be

determined at trial, reinstatement or front pay in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Angel Butterbaugh, Cindy Douglas, Kristina Starr, and a class of similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Angel Butterbaugh, Cindy Douglas, Kristina Starr and a class of similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

I. Order Defendant Employer to pay Angel Butterbaugh, Cindy Douglas, Kristina Starr and a class of similarly situated female employees punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary proper in the public interest.

K. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                Respectfully submitted,

                                RONALD S. COOPER
                                General Counsel

                                JAMES L. LEE
                                Deputy General Counsel

                                GWENDOLYN YOUNG REAMS
                                Associate General Counsel
                                U.S. EQUAL EMPLOYMENT
                                OPPORTUNITY COMMISSION
                                1801 L Street, NW
                                Washington DC 20507

                                *Jacqueline H. McNair (JHB)*
                                JACQUELINE H. McNAIR
                                Regional Attorney

                                *Judith A. O'Boyle*
                                JUDITH A. O'BOYLE
                                Supervisory Trial Attorney

                                *Mary M. Tiernan*
                                MARY M. TIERNAN
                                Senior Trial Attorney
                                EQUAL EMPLOYMENT OPPORTUNITY
                                COMMISSION
                                21 S. 5th Street, Suite 400
                                Philadelphia PA 19106
                                (215) 440-2828

                                *M. Jean Clickner (JHB)*
                                M. JEAN CLICKNER
                                Senior Trial Attorney
                                Pittsburgh Area Office
                                EEOC
                                Pittsburgh, PA 15222
                                (412) 644-6439